| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, STATE OF COLORADO<br>Court Address: 20 E. Vermijo Ave.<br>Colorado Springs, Colorado 80903<br>Phone Number: (719) 448-7700<br><br>Plaintiff(s): KEVIN HOWARD<br><br>v.<br><br>Defendant(s): HEWLETT-PACKARD COMPANY | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney:<br>Andrew T. Brake, Esq.<br>Andrew T. Brake, P.C.<br>777 East Girard Avenue, Suite 200<br>Englewood, Colorado 80110-2767<br>Phone Number: (303)806-9000<br>Fax Number: (303)806-9578<br>E-mail: n/a<br>Atty. Reg. No:12021 | Case No.:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Kevin Howard (hereinafter referred to as "Mr. Howard" or "Plaintiff"), by and through his attorney, Andrew T. Brake of Andrew T. Brake, P.C., and for his Complaint and Jury Demand alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. Plaintiff is a citizen and resident of the State of Colorado, County of El Paso and at all times relevant was within a protected group (Caucasian race). Defendant Hewlett-Packard Company (hereinafter referred to as "HP" or "Defendant"), upon information and belief, was, at all times relevant, a corporation which was authorized to conduct business within the State of Colorado

Page 1 of 10



and was conducting business in El Paso County, Colorado.

2. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42

U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 and the laws of the State of Colorado.

3. Venue is proper because at all times relevant hereto Plaintiff was employed with Defendant in

El Paso County, Colorado.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity

Commission.

5. Plaintiff received a Notice of Right to Sue and commenced this action within ninety (90) days

of receipt of the notice.

6. Injunctive relief is sought pursuant to applicable law.

7. Costs and attorney's fees may be awarded pursuant to applicable statutes and regulations.

## GENERAL STATEMENT

8. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this

Complaint and Jury Demand verbatim.

9. Plaintiff, at all times relevant, was employed by HP.

10.   Plaintiff was hired by Defendant in or about January, 2003.  Plaintiff was terminated from

his employment by Defendant on or about August 5, 2005.

11.   Plaintiff was terminated by Defendant for allegedly poor job attendance.  Upon

information and belief, Plaintiff had proper job attendance and  this issue was raised by

Defendant as a mere pretext to terminate Plaintiff's employment.

12.   Throughout Plaintiff's employment with Defendant, Defendant's manager, an African-

Page 2 of 10

American female, had a custom, habit or practice of favoring African-American employees as to the terms and conditions of employment, and exhibited animosity towards Caucasian employees such as the Plaintiff.

13.    Plaintiff lodged complaints with Defendant's management relative to being treated unfairly and in a racially discriminatory manner by his manager, including her reassignment of Plaintiff's customers and accounts to African-American sales representatives and including her denying Plaintiff promotions which went to lesser-qualified African-American sales representatives. Plaintiff's complaints relative to this unfair and racially discriminatory conduct went unheeded.

14.    Plaintiff, at all times, performed his job duties in a competent and efficient manner, and was qualified to perform the functions of his position.

15.    After Defendant terminated Plaintiff's employment, pursuant to C.R.S. Section 8-4-109, Plaintiff timely and properly demanded that Defendant pay him earned/accrued commissions and/or other compensation. Nonetheless, Defendant failed to heed and make proper payment of the sum which Plaintiff demanded under C.R.S., Section 8-4-109.

16.    As a result of the foregoing conduct, Plaintiff has suffered lost wages, benefits and other perquisites of employment, past, present and future, and has otherwise suffered harm and/or damage, including emotional distress damages, including worry, concern, loss of self-esteem, sleepless nights, humiliation, degradation and has further suffered harm and damage to his career.

### FIRST CLAIM FOR RELIEF
### (Race Discrimination)

17.    Plaintiff incorporates, herein by this reference, all other paragraphs contained in this

Complaint and Jury Demand verbatim.

18. At all times relevant, Plaintiff was a member of a protected class, i.e the Caucasian race.

19. At all times throughout his employment with Defendant, Plaintiff performed his job duties in a competent, efficient and satisfactory manner.

20. Upon information and belief, Plaintiff was subjected to racial discrimination, including by way of assignments and reassignments of customers and accounts; and by way of denial of job promotions for which Plaintiff was entitled, which promotions went to lesser-qualified African-American sales representatives. A determining and motivating factor in the Defendant's treatment of Plaintiff was his Caucasian race which is in violation of Title VII and the laws of the State of Colorado.

21. African-American employees of Defendant were not subjected to the same treatment as Plaintiff.

22. The acts of the Defendant were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff, causing harm, damage and great suffering by Plaintiff.

23. Plaintiff seeks to recover compensatory and punitive damages as lawfully recoverable. Plaintiff also seeks to recover past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in addition to punitive damages, including as outlined hereinabove. Plaintiff is also seeking attorney's fees, costs, expert witnesses, and all other compensation as is lawfully recoverable.

## SECOND CLAIM FOR RELIEF
### (Retaliation)

24. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

25. At all times relevant, Plaintiff was engaged in a protected activity at work, i.e complaining to various persons in Defendant's management that he believed he was being subjected to race discrimination.

26. Upon information and belief, Plaintiff was subjected to retaliation for his complaints about racial discrimination, including by way of assignments and reassignments of customers and accounts; and by way of denial of job promotions for which Plaintiff was entitled, which promotions went to lesser-qualified African-American sales representatives; and by way of unwarranted disciplinary action and then unwarranted termination from employment; and by way of depriving Plaintiff of earned/accrued commissions and other compensation to which Plaintiff was entitled. Upon information and belief, a determining and motivating factor in the Defendant's treatment of Plaintiff was Plaintiff's manager's desire and intention to retaliate against Plaintiff for his prior complaints of race discrimination which is in violation of Title VII and the laws of the State of Colorado.

27. The acts of the Defendant were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff, causing harm, damage and great suffering by Plaintiff.

28. Plaintiff seeks to recover compensatory and punitive damages as lawfully recoverable. Plaintiff also seeks to recover past and future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in addition to punitive damages, including as outlined hereinabove. Plaintiff is also seeking attorney's fees, costs, expert witnesses, and all other compensation as is lawfully recoverable.

### THIRD CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1981)

29.    Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

30.    The Defendant engaged in purposeful and intentional discrimination against the Plaintiff on the basis of his race (Caucasian), including in the termination of Plaintiff's employment.

31.    The discrimination practiced by the Defendant deprived the Plaintiff of the equal benefit of the law and interfered with Plaintiff's employment, in violation of 42 U.S.C. § 1981, including Plaintiff's ability to make and enforce contracts.

32.    The acts of the Defendant were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff, causing harm, damage and great suffering by Plaintiff. In addition, Plaintiff has suffered lost wages, lost benefits, and other perquisites of employment. Further, Plaintiff is entitled to punitive damages in the greatest amount lawfully awardable.

33.    Plaintiff seeks to recover compensatory and punitive damages as lawfully recoverable. Plaintiff also seeks to recover past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in addition to punitive damages, including as outlined hereinabove. Plaintiff is also seeking

attorney's fees, costs, expert witnesses, and all other compensation as is lawfully recoverable.

### FOURTH CLAIM FOR RELIEF
(Breach of Contract)

34.    Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

35.    At all times relevant, Plaintiff and Defendant were engaged in a contractual relationship, including pursuant to terms and conditions contained in various employment related publications.

36.    Plaintiff at all times relevant performed his portion of the contract.

37.    The Defendant unlawfully and unjustifiably breached its contract with Plaintiff, including in harassing and retaliating against him and in terminating his employment because Plaintiff reported and complained of what he believed to be racial discrimination directed against Plaintiff.

38.    Plaintiff has suffered and continues to suffer consequential, general and special damages as a result of Defendant's conduct as more fully set forth hereinabove.

### FIFTH CLAIM FOR RELIEF
(Promissory Estoppel)

39.    Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

40.    By its actions and representations, the Defendant in conjunction with its employees, agents and representatives represented to Plaintiff that certain policies, practices and/or procedures regarding his employment with the Defendant would be followed.

41.    Plaintiff acted in accordance with said representations upon which he reasonably and

justifiably relied. The Defendant failed to abide by its representations, including in

discriminating against and retaliating against Plaintiff and in terminating Plaintiff's employment

because Plaintiff reported and complained about what he believed to be racial discrimination

against him. The said retaliation and termination of Plaintiff's employment was done in a willful

and wanton manner resulting in harm and damage to Plaintiff, including as outlined hereinabove.

42.     Plaintiff has suffered and continues to suffer consequential, general and special damages as

a result of the wrongful acts and conduct perpetrated by the Defendant, including emotional harm

and damage as set forth herein.

## SIXTH CLAIM FOR RELIEF
### (Non-payment of Compensation and Violation of C.R.S., Section 8-4-109)

43.     Plaintiff incorporates, herein by this reference, all other paragraphs contained in this

Complaint and Jury Demand verbatim.

44.     Upon information and belief, at the time of Plaintiff's termination or within a short time

thereafter, Plaintiff was entitled to be paid substantial earned/accrued commissions and/or other

earned compensation. Such earned/accrued commissions and/or other compensation was not

paid by Defendant to Plaintiff at the time of his termination, nor has it otherwise been paid as of

the date of this Complaint.

45.     On October 3, 2005, within sixty days of the date of Plaintiff's termination, Plaintiff,

acting through his attorneys, and acting pursuant to C.R.S., Section 8-4-109, served upon

Defendant a proper written demand to pay Plaintiffs unpaid commissions and/or other

compensation described above. Notwithstanding Plaintiff's written demand, Defendant failed to

make any payment to Plaintiff of such earned/accrued commissions and/or other compensation.

46.    Defendant has violated C.R.S., Section 8-4-109 and Plaintiff is entitled to make claim against Defendant pursuant to said statute and common law, for his unpaid compensation, for the penalty provided by the subject statute, and for pre-judgment and post-judgment interest in the highest lawful amount.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendant as follows:

1.    Enjoin Defendant from engaging in discriminatory conduct barred by Federal law;

2.    Award Plaintiff all lost wages, benefits, commissions and other perquisites of employment, past, present and future, as a result of the Defendant's conduct as outlined hereinabove;

3.    Order Defendant to reinstate Plaintiff in his rightful position along with corresponding wages, benefits and other perquisites of employment for the future, or alternatively, order front pay in lieu of reinstatement;

4.    Award Plaintiff punitive and/or liquidated damages to the greatest extent, including a penalty against Defendant pursuant to C.R.S., Section 8-4-109;

5.    Award Plaintiff costs and reasonable attorney's fees;

6.    Award Plaintiff past and future pecuniary loss for emotional pain and suffering, worry, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, degradation, and other non-pecuniary losses in addition to damage to his career and future, and to his reputation, along with other damages;

7.    Award Plaintiff general, special and consequential damages in conformance to proof at trial,

including lost wages, benefits and perquisites of employment, emotional distress damages, harm
and damage to his career, and other damages in conformance to proof at trial, including pre- and
post-judgment interest in the highest lawful amounts; and

8.   Grant Plaintiff such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 31ˢᵗ day of August, 2006.

Respectfully submitted,

s/Andrew T. Brake

By:_____
Andrew T. Brake, Reg. No. 12021
ANDREW T. BRAKE, P.C.
Attorneys for Plaintiff
777 E. Girard Ave., #200
Englewood, Colorado 80113-2767
(303) 806-9000

**PLAINTIFFS' ADDRESS:**

496-B West Rockrimmon Blvd.
Colorado Springs, CO 80919