IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-01909-PSF-PAC

KEVIN HOWARD,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY

    Defendant.

## PROTECTIVE ORDER

This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order. Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order. Similarly, all corresponding testimony given by witnesses will be so designated.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, pursuant to the Court's authority under the Federal Rules of Civil Procedure, ORDERED that:

1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in F.R.C.P.

-2-

34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff, Defendant, or Defendant's employees and former employees, and/or information contained in confidential business records, personnel records, internal policies and procedures, documents, materials and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys who are actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c) the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

    (e) the Court in this case and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

    (g) deponents; and

-3-

      (h)    other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

7.    Notwithstanding the provisions of the immediately preceding paragraph, documents obtained from third parties which contain medical, psychological, financial, tax, employment information and any other information obtained through the use of a release or authorization pertaining to one of the Parties shall be deemed to be CONFIDENTIAL.

8.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. However, whether or not a party makes a designation of confidentiality, if CONFIDENTIAL information as defined in this protective order is utilized during the deposition, the portions of the deposition pertaining thereto shall be subject to this Protective Order.

9. Any party must move the Court to file documents under seal pursuant to D.C. COLO. LCivR 7.2 and 7.3. When filing any documents that contain information designated Confidential Discovery Material, such documents shall be filed in sealed envelopes marked with the title of the action and bearing a statement substantially in the following form:

**CONFIDENTIAL**
**FILED UNDER SEAL PURSUANT TO AN ORDER DATED**
**_____, 2007, GOVERNING CONFIDENTIALITY OF**
**DOCUMENTS AND INFORMATION OBTAINED DURING THE**
**COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS**
**THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO**
**QUALIFIED PERSONS OR BY COURT ORDER.**

All such materials so filed shall be released from confidential treatment only upon further order of the Court.

10. For purposes of any hearing or trial, the parties shall work together to collectively seek leave of the Court for purposes of effectuating a method acceptable to the Court for the of utilization of any and all materials to which this Protective Order pertains at such trial or hearing; or any party hereto may petition the Court for such purposes unilaterally, in the event the parties are unable to mutually agree. However, the parties understand and agree that this

Protective Order is not intended to, and shall not be used to deprive any party hereto from the use of any and all confidential information at any proceedings which may occur in this case, including hearings and trial(s).

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL may be returned by any party in possession of such documents to the opposing party to whom the confidentiality pertains within forty-five (45) days of conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain copies of the CONFIDENTIAL documents for the sole purpose of maintaining a

complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

13. Nothing in this Proposed Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary business information, or trade secrets. This Proposed Order is simply a procedural framework to facilitate the discovery processes and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case. No part of this agreement shall be used in this action or any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential, personal or proprietary business information, and/or trade secrets.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. This stipulation shall be binding on the parties prior to its entry as an Order. Should the Court not enter this stipulation as an Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation.

Entered this ___ day of March 13th, 2007.

BY THE COURT:

_____
United States District Court Magistrate Judge
O. EDWARD SCHLATTER

SO PROPOSED AND APPROVED:

February 20, 2007

s/ Andrew T. Brake
Andrew T. Brake, Esq.
Andrew T. Brake, P.C.
777 E. Girard Ave., Suite 200
Englewood, CO 80113-27671330
Telephone:   303.806.9000
Facsimile:    303.806.9578

ATTORNEY FOR PLAINTIFF KEVIN HOWARD

s/ Joshua B. Kirkpatrick
Joshua B. Kirkpatrick
Darren E. Nadel
Littler Mendelson, PC
1200 17th Street, Suite 1000
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200

ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY

Firmwide:81991683.1 001577.1155